SEND

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 07-7698 PA (FMOx) | Date | June 9, 2008 |
|---|---|---|---|
| Title | Alice Dawlett v. American Airlines, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Rosa Morales | None | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS -MOTION FOR SUMMARY JUDGMENT

Before the Court is a Motion for Summary Judgment filed by Defendant American Airlines, Inc. ("Defendant"). Defendant argues that Plaintiff Alice Dawlett's ("Plaintiff") claims are not covered by the Montreal Convention, and that Plaintiff cannot sustain negligence or breach of contract claims against Defendant. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for June 9, 2008 is vacated, and the matter taken off calendar.

### I.   Factual Background

Plaintiff, an airline passenger, seeks to recover damages for personal injuries suffered when she fell as she boarded an escalator at London's Heathrow Airport. In 2005, Plaintiff contracted with American Airlines, an international air carrier, for a flight from Los Angeles, California to London, where she was to transfer to British Airways for a flight to Damascus, Syria. Plaintiff arranged with American for wheelchair assistance in London. When Plaintiff reached London, she exited the aircraft and entered the American jetway. She saw several wheelchairs for arriving passengers, but none with her name on it. She continued down the jetway into the terminal to make her British Airways connection. She followed other passengers to a nearby escalator. However, almost immediately after stepping onto the escalator, she fell, sustaining injuries to her left shoulder and side.

On September 25, 2007, Plaintiff sued American in San Luis Obispo Superior Court. American then removed the action to this Court. Plaintiff alleges causes of action for violation of the Montreal Convention, negligence, premises liability, breach of contract, and negligent infliction of emotional distress. American filed this motion on the grounds that Plaintiff's claims are not covered by the Convention.

### II.   Standard on Summary Judgment

Summary judgment is proper where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of demonstrating the absence of a genuine issue of material fact for trial. Anderson v. Liberty Lobby, Inc.,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7698 PA (FMOx) | Date | June 9, 2008 |
|---|---|---|---|
| Title | Alice Dawlett v. American Airlines, Inc., et al. | | |

477 U.S. 242, 256, 106 S. Ct. 2505, 2514, 91 L. Ed. 2d 202 (1986). "[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986); see also Musick v. Burke, 913 F.2d 1390, 1394 (9th Cir. 1990). The moving party must affirmatively show the absence of such evidence in the record, either by deposition testimony, the inadequacy of documentary evidence, or by any other form of admissible evidence. See Celotex, 477 U.S. at 322, 106 S. Ct. at 2552. The moving party has no burden to negate or disprove matters on which the opponent will have the burden of proof at trial. See id. at 325, 106 S. Ct. at 2554.

As required on a motion for summary judgment, the facts are construed "in the light most favorable to the party opposing the motion." See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). However, the nonmoving party's allegation that factual disputes persist between the parties will not automatically defeat an otherwise properly supported motion for summary judgment. See Fed. R. Civ. P. 56(e)(2) (nonmoving party "may not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial"). A "mere 'scintilla' of evidence will be insufficient to defeat a properly supported motion for summary judgment; instead, the nonmoving party must introduce some 'significant probative evidence tending to support the complaint.'" Fazio v. City & County of San Francisco, 125 F.3d 1328, 1331 (9th Cir. 1997) (quoting Anderson, 477 U.S. at 249, 252, 106 S. Ct. at 2510, 2512). Otherwise, summary judgment shall be entered.

**III.     Analysis**

Pursuant to Article 17 of the Montreal Convention,[1] an air carrier "is liable for damage sustained in case of death or bodily injury of a passenger upon condition only that the accident which caused the death or injury took place on board the aircraft or in the course of any of the operations of embarking or disembarking." Article 17 preempts any actions within its scope, but places no limitation on actions that fall outside its scope. See El Al Israel Airline, Ltd., v. Tseng, 525 U.S. 155, 172–73, 119 S. Ct. 662, 673, 142 L. Ed. 2d 576 (1999). An "accident" under the Montreal Convention is "an unexpected or unusual event or happening that is external to the passenger" which causes the passenger's injury. Air France v. Saks, 470 U.S. 392, 405, 105 S. Ct. 1338, 1345, 84 L. Ed. 2d 289 (1985). "Any injury is the product of a chain of causes, and [the Court] require[s] only that the passenger be able to prove that some link in the

---

[1] The Convention for the Unification of Certain Rules Relating to International Transportation by Air, Oct. 12, 1929 ("the Warsaw Convention"), 49 Stat. 3000, T.S. No. 876 (1934), was amended by the Convention for the Unification of Certain Rules Relating to International Carriage by Air, Concluded at Montreal, Canada, May 28, 1999 ("the Montreal Convention"), S. Treaty Doc. 106-45. Hosaka v. United Airlines, Inc., 305 F.3d 989, 999 (9th Cir. 2002). The Montreal Convention was ratified and went into force on November 4, 2003. Polanski v. KLM Royal Dutch Airlines, 378 F. Supp. 2d 1222, 1227 (S.D. Cal. 2005).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7698 PA (FMOx) | Date | June 9, 2008 |
|---|---|---|---|
| Title | Alice Dawlett v. American Airlines, Inc., et al. | | |

chain was an unusual or unexpected event external to the passenger." Id. at 406, 105 S. Ct. at 1346. "This definition should be flexibly applied after assessment of all the circumstances surrounding a passenger's injuries." Id. "The rejection of an explicit request for assistance would be an 'event' or 'happening' under the ordinary and usual definitions of these terms." Olympic Airways v. Husain, 540 U.S. 644, 655, 124 S. Ct. 1221, 1229, 157 L. Ed. 2d 1146 (2004).

Here, Plaintiff argues that Defendant's failure to provide her with a wheelchair when she disembarked constitutes an "accident" that occurred during disembarking. Thus, Plaintiff asserts, her claims come within the purview of the Montreal Convention. Defendant, however, argues that Plaintiff's accident was falling on the escalator in the terminal. This interpretation leaves Plaintiff's claims outside the scope of the Montreal Convention.

Although the Supreme Court and the Ninth Circuit have found a failure to provide assistance to be an "accident" under the Montreal Convention, they have done so in circumstances where a request for assistance was explicit and was either refused or blatantly disregarded. In Husain, the defendant airline refused to move the plaintiff's husband, who suffered from asthma, away from the smoking section of the airplane. 540 U.S. at 647–68, 124 S. Ct. at 1224–25. Plaintiff repeatedly informed a flight attendant that her husband was allergic to smoke and requested assistance, but the flight attendant refused to help despite the fact that there were other seats available. Id. Plaintiff's husband died on the airplane. Id. at 647–68, 124 S. Ct. at 1224–25. The Court found the rejection of an explicit request for help was an unusual or unexpected event or happening. Id. at 654–55, 124 S. Ct. at 1229.

Similarly, in Prescod v. AMR, Inc., Plaintiff accompanied his mother, who traveled with a roll-away suitcase containing a breathing device and medication, on several flights. 383 F.3d 861, 863 (9th Cir. 2004). Plaintiff explained to the defendant airline that her mother had asthma and needed to have the bag with her at all times. Id. at 863–64. Plaintiff was assured it would be. Id. at 864. The airline later removed the suitcase from Plaintiff's mother, and promised her it would be with her as soon as she landed. Id. The bag was delayed for several days, and Plaintiff died from asthma-related complications. Id. at 864–65. The Court found:

> [T]he event was "unusual or unexpected." While baggage removal and delivery delays are routine in air travel, the atypical aspect of this case was the promises made by defendants' employees that the bag would not be taken from [Plaintiff's mother] and would not be delayed. In light of defendants' employees' knowledge of [the] need for the bag and the ensuing promises regarding it, removing the bag from [Plaintiff's mother's] possession was "unusual or unexpected." Airlines do not usually take steps that could endanger a passenger's life after having been warned of the person's special, reasonable needs and agreeing to accommodate them.

383 F.3d at 868.

SEND

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7698 PA (FMOx) | Date | June 9, 2008 |
|---|---|---|---|
| Title | Alice Dawlett v. American Airlines, Inc., et al. | | |

In Husain and Prescod, the events were unusual or unexpected because the airlines failed to accommodate explicit and repeated requests for health-related assistance. See Husain, 540 U.S. at 654–55, 124 S. Ct. at 1229; Prescod, 383 F.3d at 868. Here, the parties do not dispute that Plaintiff requested a wheelchair prior to her flight. The parties also do not dispute, however, that Plaintiff did not see a wheelchair when she exited the plane in London and elected to continue on her way. Plaintiff has provided no evidence to the contrary. Standing alone, Defendant's failure to provide a wheelchair was not unusual or unexpected in the way that the events in Husain and Prescod were. It is not uncommon for wheelchairs to arrive at the jetway after passengers have deplaned. Nor is it clear that the non-appearance of the wheelchair is even an event or happening, as there was no affirmative failure to assist. Had Plaintiff stopped to inquire about the wheelchair and been told she could not have any assistance, she would be in a better position to assert that an unusual or unexpected event had occurred. Or, had Plaintiff been rushing to make her flight, she would be in a better position to argue that she had no choice but to continue on her way. However, Plaintiff had approximately six hours after landing until her connecting flight. Plaintiff was therefore acting at her own direction and was not under the control of American when she decided to exit the jetway. See Maugnie v. Compagnie Nationale Air France, 549 F.2d 1256, 1262 (9th Cir. 1977). In light of all of the circumstances surrounding Plaintiff's injury, the Court concludes that there was no "accident" as that term is used under the Montreal Convention. See Husain, 540 U.S. at 654–55, 124 S. Ct. at 1229; Saks, 470 U.S. at 405, 105 S. Ct. at 1345; Prescod, 383 F.3d at 868. Plaintiff's remedies, if any, lie outside the scope of the Montreal Convention. See Tseng, 525 U.S. at 172, 119 S. Ct. at 673. Defendant's Motion therefore is granted in part.

Additionally, Plaintiff's negligence and breach of contract claims are preempted by the Montreal Convention. See El Al Israel Airline, Ltd., 525 U.S. at 172, 119 S. Ct. at 673. Plaintiff seeks to recover for her injuries due to American's failure to provide a wheelchair at disembarking pursuant to an alleged agreement to do so. However, if Plaintiff cannot recover for her injuries due to American's failure to provide a wheelchair at disembarking under the Montreal Convention, Plaintiff cannot seek recovery for that same failure to provide a wheelchair under any other legal theory. See id. at 173 (explaining that the Montreal Convention was not intended "to permit passengers to skirt [the Convention's] conditions by pursuing claims under local law").

This action was removed on the sole basis of federal question jurisdiction under the Montreal Convention. The Court possesses only supplemental jurisdiction over Plaintiff's state law causes of action pursuant to 28 U.S.C. § 1367(a). Once supplemental jurisdiction has been established under § 1367(a), a district court "can decline to assert supplemental jurisdiction over a pendant claim only if one of the four categories specifically enumerated in section 1367(c) applies." Executive Software N. Am., Inc. v. U.S. Dist. Court for the Cent. Dist. of Cal., 24 F.3d 1545, 1555–56 (9th Cir. 1994). Thus, the Court may decline supplemental jurisdiction under § 1367(c) if: "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c). The Court declines to exercise supplemental jurisdiction over Plaintiff's remaining

**SEND**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 07-7698 PA (FMOx) | Date | June 9, 2008 |
|---|---|---|---|
| Title | Alice Dawlett v. American Airlines, Inc., et al. | | |

state law causes of action having dismissed all the claims over which it had original jurisdiction, and thus declines to rule on the merits of those causes of action.  See § 1367(c)(3).

## Conclusion

Accordingly, Defendant is granted partial summary judgment on Plaintiff's claims for violation of the Montreal Convention, negligence and breach of contract.  The Clerk is directed to remand this action to the San Luis Obispo Superior Court, Case No. 07-0852.

IT IS SO ORDERED.